# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| CAROL BEQUETTE, HARDEMEN ESTATES HOMEOWNERS ASSOCIATION, INC., and THE UNITED STATES OF AMERICA *ex rel.* SECRETARY OF HOUSING AND URBAN DEVELOPMENT, SCOTT TURNER, | § | Civil Action No. 4:25-cv-918<br>Judge Mazzant |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Dkt. #23) (the "Motion"). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

Plaintiff filed this lawsuit seeking judicial foreclosure of specific real property owned by Carol Bequette ("Borrower") in Justin, Texas (Dkt. #1). In its Complaint, Plaintiff alleges that Borrower failed to make the payments due under the terms of the Note and Deed of Trust (collectively, the "Loan Agreement") executed on or about April 20, 2016 (Dkt. #1 at ¶¶ 16–17; Dkt. #1-2; Dkt. #1-3). On October 15, 2024, Plaintiff sent Notice of Default via certified mail to Borrower at 253 Pine Crest Drive, Justin, Texas 76247 (the "Property") (Dkt. #1 at ¶ 27; Dkt. #1-10). Borrower did not cure the default, and the maturity of the debt was accelerated (Dkt. #1 at ¶ 28). On June 16, 2025, Plaintiff, through counsel, sent a Notice of Acceleration of

Loan Maturity to Borrower by regular and certified mail to the Property address (Dkt. #1 at ¶ 28; Dkt. #1-11).

On August 21, 2025, Plaintiff filed its Complaint asserting a declaratory judgment claim against Borrower, Hardeman Estates Homeowners Association, and the United States of America *ex rel.* Secretary of Housing and Urban Development, Scott Turner (*See* Dkt. #1). Plaintiff requested the Court to enter an order allowing non-judicial foreclosure of the Property at issue in this lawsuit (Dkt. #1). On April 28, 2026, the Court entered a Consent Order as to the United States of America on behalf of the Secretary of Housing and Urban Development (Dkt. #20). On June 10, 2026, the Court entered a Final Default Judgment as to the remaining Defendants Carol Bequette and Hardeman Estates Homeowners Association, Inc. (Dkt. #22).

On June 24, 2026, Plaintiff filed the present Motion for Attorney's Fees, requesting the Court to award Plaintiff reasonable and necessary attorneys' fees in the amount of $4,257.00 and paralegal fees in the amount of $1,000.00, totaling $5,257.00, which Plaintiff incurred during the prosecution of this action to enforce its interest in the Property that made the basis of this lawsuit. (Dkt. #23 at pp. 2–3; Dkt. #23-1). Remaining Defendants Carol Bequette and Hardeman Estates Homeowners Association, Inc. did not file a Response.

## LEGAL STANDARD

In the Fifth Circuit, attorneys' fees are calculated using the lodestar method. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citations omitted). Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process. *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) (citations omitted).

First, the lodestar is calculated by multiplying "the number of hours reasonably expended by an appropriate hourly rate." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 573 (5th Cir. 2020) (citation omitted). A reasonable hourly rate is the "prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skills, experience, and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant legal market is "the community where the district court sits." *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). The lodestar is presumptively reasonable. *See Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016).

The party seeking attorneys' fees "must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Fessler v. Porcelana Corona De Mex., S.A. DE C.V.*, 23 F.4th 408, 415–16 (5th Cir. 2022) (explaining that "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). Using this time as a benchmark, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins*, 7 F.3d at 457. (citations omitted). The hours surviving this vetting process are "those reasonably expended under the litigation." *Id.*

Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* Factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client of the circumstances; (8) the amount involved and results obtained; (9) the experience,

> reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."
> *Id.* at 717–19.

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation modified). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *See Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted).

**ANALYSIS**

The Court agrees with Plaintiff that an attorneys' fee award of $5,257.00 is reasonable here. In support of Plaintiff's Motion, Plaintiff's counsel—Mackie Wolf Zientz & Mann, P.C.'s ("MWZM")—submitted itemized billing statements that detail the work completed by MWZM's attorneys and paralegals in pursuing this action (*See* Dkt. #23-1 at pp. 9–18). MWZM attorneys, John R. Osborne Jr. ("Osborne") and Crystal G. Gibson ("Gibson"), performed a total of 12.9 hours of work on this case with an hourly rate of $330.00, which totals $4,257.00 in attorneys' fees (Dkt. #23 at p. 3; Dkt. #23-1 at pp. 3, 9–18). Osborne worked 12.5 hours while Gibson worked .4 hours (Dkt. #23 at p. 3; Dkt. #23-1 at pp. 3, 9–18).

Plaintiff contends that the median hourly rate of $330.00 is a reasonable rate for attorneys practicing creditor-debtor law in Texas (Dkt. #23 at p. 3; Dkt. #23-1 at pp. 2–5). To support this, Plaintiff submits the State Bar of Texas 2015 Hourly Fact Sheet (the "Fact Sheet") as guidance on prevailing rates in the community for similar services which other courts in the Eastern District have relied on (Dkt. #23 at p. 3; Dkt. #23-2). *See Peterson v. Tenant Trucker, Inc.*, No. 6:20-CV-588, 2021 WL 4956244, at *2 (E.D. Tex. Sept. 30, 2021) (citing cases around the state where courts used the Fact Sheet for guidance on the prevailing rates in creditor-debtor law); *see also Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *9 (5th Cir. Mar. 18, 2022) (affirming district court's reliance on Fact Sheet for reasonable hourly fee of attorneys in Texas). The Fact Sheet reports a median hourly rate of $275.00 for an attorney practicing in the East Texas area with 21–25 years of experience in 2015 (Dkt. #23-2 at p. 12). Plaintiff also cites an inflation calculator for legal services to show that $250.00 in 2015 would be worth at least $348.99 for work performed in 2025 (Dkt. #23 at p. 4). *Peterson*, 2021 WL 4956244, at *3 n.2 (using same calculator to adjust value of services from 2015 Fact Sheet to 2021).

Using the inflation calculator and the Court's own expertise and judgment, the Court finds MWZM attorneys' hourly rate of $330.00 is reasonable (Dkt. #23 at p. 4). *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citation modified) ("Trial courts are considered experts as to the reasonableness of attorneys' fees."). Additionally, the Court finds that the 12.5 hours of work performed by Osborne and .40 hours of work performed by Gibson is a reasonable number of hours for this case (Dkt. #23 at p. 3; Dkt. #23-1 at p. 3; Dkt. #23-1 at pp. 9–18). 12.9 hours for the work performed by MWZM attorneys multiplied by

$330.00 for their hourly rate calculates to $4,257.00 for the lodestar calculation. *See Cruz*, 957 F.3d at 573. This lodestar calculation is presumptively reasonable. *See Combs*, 829 F.3d at 392.

Plaintiff also requests a fee award of $1,000.00 for the work performed by MWZM paralegals (Dkt. #23 at p. 5). MWZM paralegals billed at a $100.00 hourly rate and worked a total of 10 hours (Dkt. #23 at p. 5; Dkt. #23-1 at pp. 9–18). Plaintiff contends that the hourly rate of $100.00 is a reasonable rate for paralegals (Dkt. #23 at p. 5; Dkt. #23-1 at p. 4). In support of this, Plaintiff relies on the State Bar of Texas 2020 Paralegal Compensation Survey (the "Compensation Survey") as evidence that the $100.00 hourly rate is reasonable (Dkt. #23 at p. 5; Dkt. #23-3). According to the Compensation Survey, the median hourly rate for paralegals in 2019 was $123.00 (Dkt. #23 at p. 6; Dkt. #23-3 at p. 8). Without even adjusting for inflation, the Court finds MWZM paralegals' hourly rate of $100.00 is reasonable (Dkt. #23 at pp. 5–6; Dkt. #23-3 at p. 8). *See Primrose Operating Co.*, 382 F.3d at 562.

While Plaintiff's Motion does not address the *Johnson* factors and whether an adjustment from the lodestar is needed here (*See* Dkt. #23), the Court finds that no adjustment is warranted under these circumstances because the lodestar is presumptively reasonable. *See Combs*, 829 F.3d at 392. Therefore, the Court finds that Plaintiff is entitled to an award of reasonable attorneys' fees of $4,257.00 and paralegals' fees of $1,000.00, totaling $5,257.00.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees (Dkt. #23) is hereby **GRANTED**.

Accordingly, the Court **ORDERS** that Defendants Carol Bequette and Hardeman Estates Homeowners Association, Inc. pay Plaintiff's attorneys' fees and paralegals' fees in the amount of $5,257.00 within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

**SIGNED this 27th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE